IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. GOULD, JR.,  :
:
    Plaintiff  :
:   CIVIL NO. 1:CV-12-0853
  vs.  :
:   (Judge Caldwell)
JOHN WETZEL, *et al.*,  :
:
    Defendants  :

## *M E M O R A N D U M*

I. *Introduction*

    Gregory L. Gould, Jr., an inmate at the Rockview State Correctional Institution (SCI-Rockview) in Bellefonte, Pennsylvania, has sued Physician Assistant (PA) Jeremy Tipton and several Pennsylvania Department of Corrections (DOC) employees.[1] He alleges he received constitutionally inadequate medical treatment. Presently before the court are the DOC Defendants' and PA Tipton's motions to dismiss. For the reasons that follow, the motions will be granted. Gould will be provided the opportunity to file an amended complaint, but only with respect to his Eighth Amendment claim that PA Tipton allegedly made treatment decisions for non-medical reasons.

II. *Standard of Review*

    In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[w]e 'accept all factual allegations as true, construe the complaint in the light most favorable to

---

[1] The DOC Defendants are: Secretary John Wetzel; SCI-Rockview Superintendent Marirosa Lamas; Chief Grievance Officer Dorina Varner and Corrections Health Care Administrator (CHCA) T. Williams. The DOC defendants and PA Tipton are represented by separate counsel.

the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.,* 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted). This inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The court may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n. 8, 127 S.Ct. 1955, 1969 n. 8, 167 L.Ed.2d 929 (2007). Instead, the court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556, 127 S.Ct. at 1966.

"Pro se complaints are 'liberally construed' and 'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Jackson v. Div. of Dev. Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoted case omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245-46 (3d Cir. 2008)(citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, dismissal without leave to amend is justified on grounds of bad faith, undue delay, prejudice, or futility. *Alston,* 363 F.3d at 235-36.

With these principles in mind, we set forth the background to this litigation, as

-2-

Plaintiff alleges it.

III.  *Background*

For the past nine, almost ten, years, Gould has been plagued by multiple hernias. (Doc. 1, Compl., ECF pp. 5 and 11). His "complete body is ruptured." (*Id.*, ECF p. 5). He describes his three hernias as follows: (1) "in his stomach the size of a baseball"; (2) in the left side of his intestines the size of a "handball"; and (3) "a smaller one forming on the right side of his intestines." (*Id.*) The hernias cause Gould physical and mental pain. (*Id.*) He has had to change his diet as a result of these hernias. (*Id.*) He lives in constant fear of death and believes he has been sicker over the last year because of his weakening immune system which is constantly fighting the "bacteria from the ruptures in his body." (*Id.*)

Plaintiff complained about the hernias and the bleeding previously to unidentified individuals on unidentified dates but was told nothing could be done. (*Id.*) "The last time the plaintiff bleed (sic) for two days, he went to sick call, Physicians assistant Jeremy Tipton put his finger into the plaintiff's anus, nowhere near plaintiff's hernias, charged the plaintiff $5, and told the plaintiff he was alright! The plaintiff is in constant fear of rupture and death!" (*Id*, ECF pp. 5-6). PA Tipton is "responsible, for making the initial and repeated denial of medical attention to the plaintiff, any person viewing the plaintiff's medical condition would immediately know something must be done. and (sic) by him reviewing the plaintiff's complete medical record he is aware, the plaintiffs (sic) has had this ongoing medical condition for 9 going on ten years now!" (*Id.*, ECF p. 13).

John Wetzel is the DOC Secretary. (*Id.*, ECF p. 6). Although Gould "has had

-3-

no physical contact with defendant Wetzel, nor has this defendant answered any of the plaintiff's requests personally, he is responsible for the care of this plaintiff." (*Id.*) He is responsible for his chosen representatives "who refuse to watch over the health of the plaintiff!" (*Id.*) Gould has not had any physical contact with Superintendent Lamas, nor has she personally answered any of his requests, but alleges she "is liable for the representatives she appoints who refuse to watch over" his health. (*Id.*, ECF p. 8). Dorina Varner, the Chief Grievance Officer, is Secretary Wetzel's representative, and "was apart of the final [decision] making process that denied the plaintiff medical treatment." (*Id.*, ECF p. 10). Ted Williams is the head of SCI-Rockview's medical department and is responsible taking part in the DOC's grievance process denying Gould medical treatment. (*Id.*, ECF pp. 11-12). Williams is alleged to have reviewed Gould's "complete medical record" and thus is aware that he "has had this ongoing medical problem for 9 going on ten years now!" (*Id.*, ECF p. 11). Gould also claims "the Bureau of Health Care Services, Representative," is responsible for the final health and care decisions" for all DOC inmates. (*Id.*, ECF p.15). He avers the Bureau of Health Care Services has been aware of his ongoing condition "but has been telling the plaintiff that his condition was reducible . . . [but] has not been reduced, the plaintiff is now going through bouts of defecating blood, and is now in fear of death, which in the plaintiff's condition, is imminent." (*Id.*) He claims "the only reason the defendant, Bureau of health care services has not treated the plaintiff's medical condition, is because it is more economically feasible to allow the plaintiff to die of what they would define as an accident then (sic) pay for major surgery." (*Id.*)

Gould names each defendant in their official and individual capacities. (*Id.*, ECF p. 16). As relief, he seeks monetary damages and an injunction ordering that he

-4-

undergo emergency surgery. Alternatively, Gould requests that the court allow him to serve the remainder of his prison sentence under house arrest so he "can work, pay for and be responsible for his own health care." (*Id.*, ECF p. 3).

IV. *Discussion*

    A. *Eighth Amendment Law Dealing With Medical Care*

The Eighth Amendment "requires prison officials to provide basic medical treatment" for those "incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(*citing Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth Amendment medical claim, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The Third Circuit has also held that "[n]eedless suffering resulting from the denial of simple medical care, which does not serve any penological purpose . . . violates the Eighth Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003). However, "the deliberate indifference standard of *Estelle* does not guarantee prisoners the right to be entirely free from the cost considerations that figure in the medical-care decisions made by most non-prisoners in our society." *Reynolds v. Wagner*, 128 F. 3d 166, 175 (3d Cir. 1997).

A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001). A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, absent a belief or actual knowledge that medical personnel mistreated or failed to treat a prisoner, the non-medical defendants cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference. *Id.*

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 103, 97 S.Ct. at 290. Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

The Third Circuit has held that prison officials act with deliberate indifference when: (1) reasonable requests for medical treatment are denied, exposing the inmate to undue suffering or the threat of further injury; (2) necessary medical treatment is delayed for non-medical reasons; (3) arbitrary or burdensome procedures are erected to create treatment delays to suffering prisoners; and (4) inmates are prevented from receiving access to, and treatment from, capable medical professionals. *See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346-47 (3d Cir. 1987).

-6-

At the same time, it is also clear that an inmate's mere disagreement with medical professionals "as to the proper medical treatment" of his medical complaint does not support an Eighth Amendment violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). A claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107, 97 S.Ct. at 293. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a § 1983 cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. *See Spruill,* 372 F.3d at 235; *Durmer,* 991 F.2d at 69; *Winslow v. Prison Health Servs.*, *Inc.*, 406 F. App'x 671, 675 (3d Cir. 2011)(nonprecedential)(conservative hernia treatment of non-strangulated or incarcerated hernia rather than surgery, although not the preferred treatment by the prisoner, did not rise to a constitutional claim); *Rodriguez v. Sec'y of the Commonwealth*, 441 F. App'x 919, 923024 (3d Cir. 2011)(nonprecedential)(no finding of deliberate indifference where inmate's hernia was treated but not in the manner the plaintiff preferred); *Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006)(disagreement over whether

non-surgical or surgical treatment was appropriate for prisoner's hernia insufficient to support an Eighth Amendment claim for deliberate indifference); *McCabe v. Pennsylvania Dep't of Corr.*, Civ. No. 1:CV-12-0293, 2012 WL 6055024, at *9 (M.D. Pa. Dec. 5, 2012)(plaintiff's subjective dissatisfaction with medical treatment for reducible hernia fails to state an Eighth Amendment claim).

Additionally, a section 1983 claim cannot be premised on a theory of *respondeat superior.* In order to establish liability for deprivation of a constitutional right, a party must show the personal involvement of each defendant. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). "It is uncontested that a government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71-72 (3d Cir. 2011). This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode*, 845 F.2d at 1208. Merely alleging that an individual defendant

had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Id.*

Moreover, participation in an after-the-fact review of a grievance or appeal is not enough to establish personal involvement. *Id.* at 1208 (the filing of a grievance is not enough to show the actual knowledge necessary for personal involvement); *Johnson v. Coleman*, No. 12-3556, 2012 WL 6200400, at *3 (3d Cir. Dec. 13, 2012) (nonprecedential) (administrator's limited role in responding to Plaintiff's administrative complaint does not establish personal knowledge in the alleged wrongdoing); *Winn v. Dep't of Corr.*, 340 F. App'x 757 (3d Cir. 2009)(nonprecedential)(denial of an administrative appeal does not in itself give rise to a constitutional claim); *Pressley v. Beard*, 266 F. App'x 216 (3d Cir. 2008)(nonprecedential)(supervisory defendants "sued based on their failure to take corrective action when grievances or investigation were referred to them"); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 198 (3d Cir. 2007)("Once a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than" verify with medical officials that prisoner was receiving treatment); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006)(nonprecedential)(a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond, to a prison grievance did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct); *see also Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005)(nonprecedential)(failure of prison official to process administrative grievance did not amount to a constitutional violation or personal involvement in the alleged constitutional deprivation grieved). Consequently, "Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were

not properly processed, investigated, or that the grievance process is inadequate." *Owens-Ali v. Pennell*, No. 09-556, 2009 WL 4547059, *5 (D. Del. Dec. 04, 2009).

      B.     *PA Tipton's Motion to Dismiss*

In his Complaint, Gould alleges PA Tipton's familiarity with his "complete medical record" and his painful hernias for more than nine years, yet he has repeatedly denied him medical attention. (Doc. 1, ECF p. 13). Gould, however, only describes one specific encounter with PA Tipton. (*Id.*, ECF p. 14). After experiencing two days of rectal bleeding, Gould sought medical assistance. (*Id.*) He was seen by PA Tipton. (*Id.*) Based on his complaints PA Tipton performed a digital rectal exam (*Id.*) and drew blood to determine if Gould was anemic (Doc. 22, Pl.'s Opp'n Br. Tipton's Mot. to Dismiss, ECF p. 2). Gould was charged $5.00 for the sick call visit. (Doc. 1, ECF p. 14).

Defendant Tipton alleges that the Complaint "contains no allegations of fact to support the conclusion that Mr. Gould is [in] need of surgery and/or Mr. Tipton had any reason to know that Mr. Gould required surgery and nevertheless prevented the surgery from being performed." (Doc. 17, Tipton's Br. in Supp. Mot. to Dismiss, ECF p. 5). Additionally, he contends that the allegations in the Complaint do not raise an inference that PA Tipton acted with deliberate indifference as it is undisputed that he received medical attention at the single encounter mentioned.

We agree with Defendant. Although Gould did not believe the treatment he received had anything to do with his hernia, Gould's allegations as to this single event only express his disagreement as to the treatment PA Tipton rendered that day. (*Id.*); *see also* Doc. 22, Pl.'s Opp'n PA Tipton's Mot. to Dismiss, ECF p. 2)("The plaintiff explained to the

-10-

defendant that he has had this problem with bleeding before when he the plaintiff ate corn chips and did not drink water, it caused his hernias to bleed, and that [he] did not think [Tipton] could reach [his] hernia in [his] stomach by putting his finger in the plaintiff's anus."); *Id.*, ECF p. 4 (PA Tipton "told the plaintiff he did not believe the problem [that day] was the hernias") Having construed Gould's pro se complaint liberally, we conclude that his allegations as to PA Tipton's treatment at that single visit fails to state a claim of deliberate indifference to his medical needs that day.

The broader question as to PA Tipton's deliberate indifference to the treatment of his hernia is not so easily answered. PA Tipton cites several cases that stand for the proposition that "a reducible hernia that is given treatment is not a serious medical condition that will support a claim of cruel and unusual punishment". (Doc. 23, Tipton Reply Br.) *See Rodriguez, supra*; *Dickerson v. SCI Graterford*, 453 F. App'x 134 (3d Cir. 2011)(nonprecedential). However, it is presently unclear whether Gould's hernias are reducible, and what treatment, if any, PA Tipton has provided. Likewise, while we agree with PA Tipton that Gould does not have a constitutional right to receive the treatment he prescribes for himself — the surgical repair of his hernias, it is clear that Gould believes that PA Tipton's treatment decision was made for non-medical reasons. Although not mentioned in his Complaint, Gould states in his opposition brief that "Mr. Tipton told the plaintiff that these type [sic] of operations were not in the budget." (Doc. 22, ECF p. 4.) Plaintiff thus implies that monetary considerations dictated PA Tipton's treatment decisions.

Even if we take Gould's allegations in his brief as true, it is still not enough. As the Third Circuit stated in *Winslow*, *supra*:

> [T]he naked assertion that Defendants considered cost in

> treating [plaintiff's] hernia does not suffice to state a claim for
> deliberate indifference, as prisoners do not have a constitutional
> right to limitless medical care, free of the cost constraints under
> which law-abiding citizens receive treatment.

*Winslow*, 406 F. App'x at 674. See also *Brown v. Beard*, 445 F. App'x 453, 456 (3d Cir. 2011)(nonprecedential)(doctor's statement that plaintiff would not be getting an operation for his hernia "'because the prison has a budget'" did not by itself state an Eighth Amendment claim "as prisoners do not have a constitutional right to limitless medical care").

However, Gould may still be able to state clam against PA Tipton if he provides sufficient allegations showing that the chosen course of treatment was ineffective, with the cost of the treatment perhaps playing a role in showing deliberate indifference. *See Estelle*, 429 U.S. at 104 n.10, 97 S.Ct. at 291 n.10. To do this, Gould would have to aver that PA Tipton's chosen course of medical treatment was medically unacceptable, and that his treatment choices were made with conscious disregard of an excessive risk to Gould's health, perhaps because of the budgetary constraints Tipton suggests. Those allegations are currently lacking.

However, it appears that, if given the opportunity to amend his complaint, Gould could assert an Eighth Amendment claim of deliberate indifference related to the treatment rendered by PA Tipton, or by the intentional withholding of more appropriate treatment based on budgetary, rather than medical, reasons.

We will therefore grant PA Tipton's Motion to Dismiss, but with leave to amend.

C.   *DOC Defendants' Motion to Dismiss*

Gould alleges that Secretary John Wetzel, SCI-Rockview Superintendent Marirosa Lamas, Chief Grievance Officer Varner and CHCA T. Williams, the DOC Defendants, were deliberately indifferent to his medical needs because they failed to provide him with the proper treatment for his hernias, treatment he was not receiving from his treating medical team (including PA Tipton). He claims each of the DOC Defendants were aware of his medical issues through either letters or their involvement the DOC's administrative remedy, or grievance, system. The DOC Defendants assert that Gould has failed "to state in what way Defendants were even involved in his medical treatment, choosing instead to impart liability on Defendants wholly by virtue of their respective supervisory positions." (Doc. 20, DOC Defs.' Mot. to Dismiss Br., ECF p. 10). They therefore move to dismiss the Eighth Amendment claim as against them.

It is clear from the allegations of the Complaint that Gould is under the treatment of prison medical personnel (whether or not he agrees with their treatment). Further, Gould does not allege that the DOC Defendants were, or should have been, aware that the medical personnel were mistreating him or failing to treat his medical condition. Likewise, he does not allege that they personally denied or interfered with his medical care.[2] There are no facts alleged that could give rise to an inference that the DOC Defendants were not justified in deferring to the professional judgment of the medical professionals treating Gould. *See Spruill,* 372 F.3d at 236; *see also Durmer*, 991 F.2d at

---

[2] As noted above, these defendants can only be held liable under § 1983 for a deprivation of a constitutional right if they had some "personal involvement" in it. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

-13-

69.  Accordingly, the DOC Defendants' motion to dismiss will be granted.

*V.     Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008).  The court believes that any amendment of Gould's Eighth Amendment claim against the DOC Defendants would be futile and amendment of that claim will not be permitted.  However, it is possible that the deficiencies noted in this memorandum with respect to PA Tipton may be remedied by amendment.  Thus, Gould will be granted twenty-one days to file an amended complaint as to his claims that PA Tipton's treatment decisions were medically unacceptable and based on considerations, like monetary ones, that exhibited a knowing disregard for an excessive risk of harm.

If Gould decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  In particular, Gould is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.

Gould is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered

paragraphs in short, concise and simple statements. *Id.* The allegations should be specific as to time and place. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). Gould's failure to file an appropriate amended complaint within the required time will result in dismissal of this action.

        We will issue an appropriate order.

                                        /s/ William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: March 28, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GREGORY L. GOULD, JR., :
:
    Plaintiff :
: CIVIL NO. 1:CV-12-0853
  vs. :
: (Judge Caldwell)
JOHN WETZEL, *et al.*, :
:
    Defendants :

*O R D E R*

AND NOW, this 28th day of March, 2013, upon consideration of PA Tipton's motion (Doc. 16) to dismiss and the DOC Defendants' motion (Doc. 18) to dismiss, and in accordance with the accompanying memorandum, it is ordered that:

    1. The DOC Defendants' motion to dismiss (Doc. 18) is granted.

    2. Gould's Eighth Amendment medical claims against Secretary John Wetzel; Superintendent Marirosa Lamas; Chief Grievance Officer Dorina Varner and T. Williams are dismissed without leave to amend for failure to state a claim upon which relief may be granted.

    3. PA Tipton's motion (Doc. 16) to dismiss is granted.

    4. Within twenty-one (21) days from the date of this order, Plaintiff may file an amended complaint against PA Tipton.

    5. The Clerk of Court shall forward to Plaintiff two (2) copies of this court's prisoner civil-rights complaint form which Plaintiff shall use in preparing an amended complaint.

6. Gould's failure to file an amended complaint within the required time will result in dismissal of this action.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge